Dear Mr. Kleinpeter:
You have requested an Attorney General's opinion regarding the following issues:
 1. May the Louisiana Department of Public Safety and Corrections make use of inmate labor for the purposes of working in cooperation with a private, non-profit organization to improve prison grounds?
 2. If so, what procedural requirements exist for implementation of this endeavor?
You state in your letter that the Louisiana Prison Chapel Foundation, Inc. (the "Foundation"), is a non-profit corporation offering to construct nondenominational religious chapels at every facility housing inmates that is under the administration of the Department of Public Safety and Corrections (the "Department").
In a recent telephone conversation, you further informed this writer regarding other aspects of the proposal. Namely, all funding for the construction of the chapels will be provided by the Foundation. Also, all buildings and improvements will be owned by the State of Louisiana via the Department. Finally, you've stressed that the majority of the labor to be used in this construction will be provided by members of the Southern Baptist Convention. Any labor provided by inmates will be on a strictly voluntary basis.
The First Amendment of the United States Constitution provides:
 Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
Article I, § 8 of the Louisiana Constitution (1974) states:
 No law shall be enacted respecting an establishment of religion or prohibiting the free exercise thereof.
The U.S. Supreme Court has held that a core purpose of the Establishment Clause is violated where a government "conveys a message of government endorsement or disapproval of religion."Grand Rapids School District v. Ball, 473 U.S. 373, 389,105 S.Ct. 3216, 3225 (1985); see also, Wallace v. Jaffree,472 U.S. 38, 56, 105 S.Ct. 2479, 2489 (1985). The government accommodates religious observances and beliefs in many ways that in and of themselves do not violate the Establishment Clause. An example is a governmental declaration of Christmas as a national holiday for federal and state employees.
Accommodating a belief without accommodating similar, non-religious beliefs, is clearly an acknowledgment of a religion but is not necessarily a forbidden endorsement under the Establishment Clause where religious acknowledgments may be the only means by which the government can promote free exercise goals. Katcoff v. Marsh, 755 F.2d 223 (1985). In Katcoff, the Second Circuit Court of Appeals upheld a military chaplaincy program as a valid action by the government not in violation of the Establishment Clause. The court determined that the free exercise clause obligates Congress to make religion available to soldiers who have been relocated because of service to areas where religion of their own denomination is not available to them. Id. at 234-235.
With regard to inmates, the U.S. Supreme Court has stated:
 We do not suggest, of course, that every religious sect or group within a prison — however few in number — must have identical facilities or personnel. A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand. But reasonable opportunities [sic] must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty. Cruz v. Beto, 405 U.S. 322 [405 U.S. 319], 92 S.Ct. 1079 (1972), fn. 2. (Emphasis added)
Therefore, inmates must be accorded reasonable means of exercising their religious beliefs. It is apparent by the issues you raise that the Department is attempting to further this right to exercise.
You state that the Department will formally request the Governor to issue an executive order authorizing the use of inmate labor to assist in this construction. This authority is provided in LSA-R.S. 15:832.1, which, in applicable part, states:
 A. Notwithstanding any other provision of law to the contrary, the governor, upon determining that it is appropriate and in furtherance of the rehabilitation and training of inmates, may, by executive order, authorize the use of inmates of a penal or correctional facility owned by the state of Louisiana for necessary labor in connection with a particular project which involves renovation, maintenance, repair, or remodeling work including, but not limited to demolition of buildings, construction of playgrounds, and general maintenance of public areas.
 B. Any requirement of law regarding the procurement of labor services in connection with public works projects shall not apply to a project or work utilizing inmate laborers under the provisions of this Section. Nothing herein shall be construed to provide an exemption from any other requirement of law applicable to and regarding the purchase of or rental of materials, supplies, or equipment, or to the procurement or architectural or engineering services in connection with such projects or works.
If the Governor issues such an executive order, you state that the Department will only authorize those inmates who volunteer to provide labor for the construction of the chapels. This labor will at no time be compulsory.
The principle that government may accommodate the free exercise of religion does not supersede the fundamental limitations imposed by the Establishment Clause, which guarantees at a minimum that a government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which "establishes a [state] religion or religious faith, or tends to do so." Lee v. Weisman, 505 U.S. 577, 112 S.Ct. 2649,2651.
The voluntariness of the inmate labor provided avoids the otherwise more stringent analysis that would arguably apply to this issue. No coercion, either express or implied, appears to be present.
Moreover, the chapels at issue are nondenominational. By condoning their construction, the state is not favoring a particular religion or establishing a "state religion or religious faith." It is simply accommodating the inmates' right to exercise in a manner neutral to any particular religious sect.
Additionally, this project does not violate Article VII, § 14 of the Louisiana Constitution (1974). No state money will be directed towards this proposal which will be solely funded by the Foundation. The state land upon which the chapels will be built will remain in the possession of the State and, moreover, the chapels will become the property of the state. Therefore, no prohibited loan, pledge, or donation of any state money or property is at issue.
It is the opinion of this office that inmate labor on a volunteer basis may be provided to assist in the construction of nondenominational chapels on prison grounds.
With regard to procedural requirements, LSA-R.S. 15:832.1(B) explicitly exempts inmate labor services authorized under this statute from laws relating to the procurement of labor services. This writer is not aware of any procedural restriction or requirements for implementation of this proposal beyond what may be present within the Department's own regulations and policies.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb